**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMANDA WAY, <br><br> Plaintiff, <br><br> v. <br><br> MNS & ASSOCIATES LLC, <br><br> Defendant. | Case No. |

**PLAINTIFF'S COMPLAINT**

Plaintiff, AMANDA WAY ("Plaintiff"), by and through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, MNS & ASSOCIATES LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4, *et seq.* ("PFCEUA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in Williamsport, Lycoming County, Pennsylvania.

8. Plaintiff is, and at all times mentioned herein, a "consumer" as defined by the FDCPA and 73 P.S. § 2270.3

9. Defendant, and at all times relevant hereto, was attempting to collect a "debt" from Plaintiff as defined by the FDCPA and 73 P.S. § 2270.3.

10. Defendant is, and at all times mentioned herein, a "creditor" as defined by the FDCPA and 73 P.S. § 2270.3

11. Defendant is, and at all times mentioned herein, a "debt collector" as defined by the FDCPA and 73 P.S. § 2270.3

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency located in Amherst, New York.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating with a PayPal account.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. On or around January 6, 2020, Defendant placed a call to Plaintiff on Plaintiff's office telephone number at xxx-xxx-3586.

23. On or around January 7, 2020, Plaintiff returned Defendant's call and left a message for Defendant requesting for Defendant to stop calling her office telephone.

24. Despite Plaintiff's request for Defendant to stop calling her office telephone, Defendant continued to place collection calls to Plaintiff's office telephone including, but not limited to, on or around January 7, 2020.

25. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone number at 570-505-9711, in an attempt to collect the alleged debt.

26. Within the past year of Plaintiff filing this Complaint, Defendant left the following

voicemail messages on Plaintiff's telephone:

   a. "Hi, good afternoon. This is MNS & Associates pre-legal division. I'm trying to get a hold of Amanda. Amanda Way, my name is Miranda. I'm with the pre-legal division of MNS & Associates. I need to speak with you or your legal representative at this time. I tried reaching you over at the (unintelligible) but you were off today. I didn't leave a message but I do need to speak with you. 855-406-5293. Paperwork is processing regarding records over 52990269. Your name and social security number have been verified for the demand notice. I need to speak with you. Contact our office at 855-406-5293."

   b. "Hi Amanda, it's Miranda. I spoke with you over the weekend. I was touching base with you regarding the PayPal issue. Give me a call back at 855-406-5293. I was supposed to hear back from you by Friday and I didn't hear from you. But today is Monday, I have to be held accountable for the file so I need to know exactly what is going on. Call me back at 855-406-5293."

27. On or around January 6, 2020 at 5:07 p.m., Defendant placed a call to Plaintiff's ex-husband, Paul Way, on his telephone number at xxx-xxx-1456, in an attempt to collect the alleged debt from Plaintiff.

28. On or around January 6, 2020 at 5:07 p.m., Defendant left the following voicemail message on Plaintiff's ex-husband's telephone:

   a. "Hi, good afternoon. This is Miranda 855-406-5293. I'm looking to speak with Amanda Way also known as Brown. My direct number is 855-406-5293. Amada, I received documents regarding your name and social. I need to go over it with you. Signature is required on the demand notice. Asset verification ensures residential occupancy and employment. Contact our office at 855-406-5293."

29. The telephone number 855-406-5293 belongs to Defendant.

30. At least two of the voicemail messages that Defendant left for Plaintiff did not disclose the communication was from MNS & Associates.

31. The voicemail messages that Defendant left for Plaintiff did not disclose that the communication was from a debtor collector and that any information obtained will be used for that purpose.

32. Defendant is or should be familiar with the FDCPA.

4

33. Defendant knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

34. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

35. On or around January 10, 2020, Plaintiff answered Defendant's collection call and spoke with Defendant's female collector, Miranda.

36. During the conversation, Defendant's female collector threatened to take legal action against Plaintiff if she did not make a payment to Defendant in the amount of $100.00.

37. During the conversation, Plaintiff requested for Defendant to provide written notice of the alleged debt to Plaintiff.

38. To date, Defendant has not taken legal action against Plaintiff.

39. To date, Defendant has not sent written notice of the alleged debt to Plaintiff.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff incorporates by reference the foregoing paragraphs 1 through 39 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

41. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place calls to Plaintiff's office telephone after Plaintiff requested for Defendant to stop calling her office telephone;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or

engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place calls to Plaintiff's office telephone after Plaintiff requested for Defendant to stop calling her office telephone;

c. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff without disclosing the communication was from MNS & Associates;

d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended be taken, when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action;

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages for Plaintiff without disclosing that the communication is from a debt collector and that any information obtained will be used for that purpose; and

f. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, AMANDA WAY, respectfully requests judgment be entered against Defendant, MNS & ASSOCIATES LLC, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

45. Plaintiff incorporates by reference the foregoing paragraphs 1 through 39 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

46. Defendant violated the Pennsylvania Fair Credit Extension Uniformity Act. Defendant's violations include, but are not limited to, the following:

    a. Placing calls to Plaintiff's telephone causing it to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, in violation of § 2270.4(b)(4)(v).

    b. Placing calls to Plaintiff's telephone without meaningful disclosure of the caller's identity, in violation of § 2270.4(b)(4)(vi);

    c. Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of § 2270.4(b)(5)(v); and

    d. Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of § 2270.4(b)(5)(x).

WHEREFORE, Plaintiff, AMANDA WAY, respectfully requests judgment be entered against Defendant, MNS & ASSOCIATES LLC, for the following:

47. As a result of Defendant engaging in the foregoing conduct, it has likewise violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.*

48. Plaintiff is entitled to and seeks actual damages pursuant to 73 P.S. § 201-9.2(a).

49. Plaintiff is entitled to and seeks treble damages pursuant to 73 P.S. § 201-9.2(a).

50. Plaintiff is entitled to and seeks statutory damages of no less than $100.00 pursuant to 73 P.S. § 201-9.2(a).

51. Plaintiff is entitled to and seeks costs and reasonable attorney fees pursuant to 73 P.S. § 201-9.2(a).

52. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

53. Any other relief that this Honorable Court deems necessary or proper.

                                            RESPECTFULLY SUBMITTED,

February 20, 2020                By: /s/ Michael A. Siddons
                                              Michael A. Siddons
                                              Attorney #89018
                                              The Law Firm of Michael Alan Siddons, Esquire
                                              230 N. Monroe Street
                                              PO Box 403
                                              Media, PA 19063
                                              Tel: 484-614-6546
                                              msiddons@siddonslaw.com
                                              Attorney for Plaintiff