# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA WAY, | No. 4:20-CV-00305 |
| Plaintiff, | (Judge Brann) |
| v. | |
| MNS & ASSOCIATES LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### OCTOBER 29, 2020

## I.   BACKGROUND

This case was initially filed by Plaintiff Amanda Way ("Plaintiff") against Defendant MNS & Associates LLC ("Defendant") on February 20, 2020.[1]  For the past 10 months, Defendant has failed to appear before this Court at all.  Plaintiff moved for entry of default in April 2020,[2] and default was subsequently entered by the Clerk of Court.[3]  Currently before this Court is Plaintiff's motion for default judgment, filed in July 2020.[4]  Defendant has refused to respond, and therefore the motion is now ripe for disposition.  For the reasons that follow, the motion is granted.

---

[1]   *See* Doc. 1.
[2]   *See* Doc. 6.
[3]   *See* Doc. 7.
[4]   *See* Doc. 10.

## II. DISCUSSION

### A. Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[5] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[6] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[7] It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[8]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[9] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes

---

[5] Fed. R. Civ. P. 55(b)(2).
[6] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[7] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[8] *Pesotski v. Summa & Iezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).
[9] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

forward with a motion to set aside the default judgment under Rule 55(c)."[10]  In cases where the Defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[11]

The Court nevertheless considers the factors at issue for the sake of completeness; in this case, those factors clearly favor the grant of a default judgment.  First, Plaintiff would be prejudiced by her "current inability to proceed with [her] action due to Defendant['s] failure to defend."[12]  Defendant's decision to not appear before this Court would otherwise prevent Plaintiff from recovering any damages for her claim.  Similarly, the second factor points in favor of the grant of default judgment.  "Defendant has not responded to the allegations and, thereby, has failed to assert a defense."[13]  Finally, there does not appear to be any excuse for Defendant's failure to appear or otherwise respond to Plaintiff's complaint.  Plaintiff submitted an executed summons, which was served on Mike Shaw, the owner of MNS & Associates LLC, in March 2020.[14]  Having received service through its owner, Defendant has yet to respond or appear in this action.  Because Defendant has offered no explanation for its failure to respond, the Court finds that

---

[10]  *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[11]  *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[12]  *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[13]  *Pesotski*, at *3.
[14]  *See* Doc. 5.

Defendant is culpable.[15]  Therefore, the Court finds that default judgment is appropriate given the circumstances.

A finding that default judgment is warranted, however, "is not the end of the inquiry."[16]  First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[17]  Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[18]  Plaintiff's two-count complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"). The Court now considers whether the allegations in the complaint, taken as true, state a claim under those statutes.

### B.   The Facts Alleged in the Complaint

The facts alleged in the complaint, which I accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.

On or around January 6, 2020, Defendant placed a call to Plaintiff at Plaintiff's office telephone number.[19]  The following day, Plaintiff returned that

---

[15]  *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).
[16]  *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[17]  *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[18]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[19]  Doc. 1 ¶ 22.

call and asked Defendant to stop calling her office telephone.[20] Despite this request, Defendant continued to place calls to Plaintiff's office telephone, including, but not limited to, on or around January 7, 2020.[21]

These were not the first interactions the parties had. During the year preceding the filing of the complaint, Defendant began placing telephone calls to Plaintiff's telephone, attempting to collect an alleged debt.[22] During that time, Defendant left two voicemails on Plaintiff's telephone. On or around January 6, 2020, Defendant also left a voicemail on the telephone belonging to Plaintiff's former husband.[23] At least two of the voicemail messages that Defendant left for Plaintiff did not disclose that the communication was from a debt collector.[24] On or around January 10, 2020, Plaintiff answered Defendant's collection call and spoke with Defendant's debt collector.[25] During that call, Defendant's collector threatened to take legal action against Plaintiff if Plaintiff did not make a payment to Defendant in the amount of $100.[26] Plaintiff asked Defendant to provide written notice of the alleged debt; to date, Defendant has neither provided such notice, nor taken legal action against Plaintiff.[27]

---

[20] *Id*. at ¶ 23.
[21] *Id*. at ¶ 24.
[22] *Id*. at ¶ 25.
[23] *Id*. at ¶¶ 26-28.
[24] *Id*. at ¶¶ 30-31.
[25] *Id*. at ¶ 35.
[26] *Id*. at ¶ 36.
[27] *Id*. at ¶¶ 37-39.

### C.    Plaintiff's Claims

#### 1.    Count 1 - The Fair Debt Collection Practices Act

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."[28]  Plaintiff has alleged that she was a consumer, that Defendant was a debt collector, and that Defendant was attempting to collect a debt.[29]  Therefore, the question is whether Defendant violated the FDCPA in its attempts to collect the debt.  Plaintiff asserts that Defendant violated several FDCPA provisions.[30]

##### a.    Alleged Violations of § 1692d

First, Plaintiff claims that Defendant violated § 1692d in a variety of ways. That provision prohibits "any conduct the natural consequence of which is to

---

[28] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).
[29] Doc. 1 ¶¶ 8-11.
[30] Plaintiff also asserts a claim under 73 P.S. § 2270.4.  "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act."  A violation under 73 P.S. § 2270.4 constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Plaintiff argues that she is entitled to recover statutory damages under that statute; this claim fails, however, because Plaintiff has not alleged that she was a "person who purchases or leases goods or services primarily for personal, family or household purposes" or that she suffered "any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a [unlawful] method, act or practice."  73 P.S. § 201-9.2.  Therefore, Plaintiff has not stated a claim under Count 2 and her request for statutory relief of $100.00 is denied.

harass, oppress, or abuse any person in connection with the collection of a debt."[31] Specifically, Plaintiff claims that Defendant harassed her by continuing to "place calls to Plaintiff's office telephone after Plaintiff requested for Defendant to stop calling her office telephone,"[32] and by "placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff without disclosing the communication was from MNS Associates."[33]  This sufficiently establishes that Defendant is liable for the alleged violation of § 1692d.[34]

### b. Alleged Violations of § 1692e

Plaintiff further alleges that Defendant violated § 1692e of the FDCPA in two ways: (1) by "threatening to take action that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action;"[35] and (2) "by failing to disclose that the communication [was] from a debt collector."[36]

Plaintiff's first argument fails because it lacks support from the pleadings. Plaintiff merely alleges that Defendant's collector threatened to take legal action

---

[31] 15 U.S.C. § 1692d.
[32] Doc. 1 ¶ 41.
[33] *Id*.
[34] *Murphy v. Ability Recover Services, LLC*, 2019 WL 7708592 at *2 (W.D. Pa. Aug. 7, 2019) (Report and Recommendation adopted at *Murphy v. Ability Recover Services, LLC*, 2019 WL 5587026 (W.D. Pa. Oct. 30, 2019)).
[35] *Id*.
[36] *Id*.

against Plaintiff, and that to date, Defendant has not taken legal action. This is insufficient for the Court to find that, at the time the statement was made, Defendant did not intend to take legal action. For example, in *Wenger v. Seterus, Inc.*, I found that the plaintiff had sufficiently alleged that the defendant had threatened action that was not intended to be taken.[37] In that case, the defendant had threatened to accelerate the plaintiff's loan if less than the full amount was received.[38] The plaintiff's complaint, however, alleged that the defendant had a policy of never accelerating a loan that was less than 45 days past due.[39] Therefore, it was plausible that, when the defendant made its threat, it did not intend to follow through with it.[40] Plaintiff's complaint in the instant case is notably lacking any similar allegations that would allow this Court to find a plausible claim that the threat was not intended when it was made. Plaintiff fails to state a claim under § 1692e(5).

Plaintiff's second allegation under this section of the FDCPA finds more support, as Plaintiff has alleged the contents of several voicemail messages left by Defendant. Section 1692e(11) prohibits "the failure to disclose in subsequent communications that the communication is from a debt collector." In two of the

---

[37] 2019 WL 2119980 at *1 (M.D. Pa. May 15, 2019).
[38] *Id.*
[39] *Id.*
[40] *Id.*

three messages, Defendant's employee does not identify herself as a debt collector.[41] Although one of the voicemail messages was left on Plaintiff's former husband's telephone, it is clear from the message that Defendant's collector believed she was directly contacting Plaintiff.[42] Therefore, Plaintiff has sufficiently stated a legitimate claim under § 1692e(11).

### c. Alleged Violations of § 1692f

Section 1692f provides, in part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[43] The complaint alleges that Defendant engaged in unfair or unconscionable practices by continuing to place telephone calls and by not identifying itself as a debt collector. Therefore, Plaintiff has stated a legitimate claim under § 1692f.

### D. Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Plaintiff is entitled to. Plaintiff seeks statutory

---

[41] *See e.g.*, *Frischberg v. Glob. Serv. Grp. LLC*, 2018 WL 3472626 at *3 (D. N.J. July 19, 2018) (finding that plaintiff stated a violation of § 1692e(11) by asserting that the defendant did not disclose (on at least one occasion) that the call was from a debt collector, even though the defendant informed the plaintiff that "they were calling to collect an alleged pay day loan." The Court found that the defendant's employees did not "properly or completely identify themselves during *each* of its calls.") (emphasis added).

[42] Doc. 1 ¶ 28. "Ama[n]da, I received documents regarding your name and social. I need to go over it with you."

[43] 15 U.S.C. § 1692f.

damages of $1,000 under the Fair Debt Collection Practices Act. The Court finds Plaintiff is entitled to that amount.

Plaintiff is also entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."[44] Plaintiff seeks $511.95 for the costs of the action.[45] Plaintiff is entitled to that amount. Additionally, Plaintiff seeks $4,425 in attorney's fees.[46] Plaintiff bases this request on a $400.00 per hour attorney's rate, and a $125.00 per hour paralegal's rate, respectively.[47] To evaluate a fee request, the Court uses the lodestar method.[48] "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."[49] Based on the Court's understanding of the prevailing market rates in the Williamsport vicinage of the Middle District of Pennsylvania, I adjust Plaintiff's proposed hourly rate to $325.00 and $100.00 per hour, respectively. This is more-closely aligned with rates in this area. The Court notes that Plaintiff's counsel, Michael Agruss, filed a declaration in support of the fee request.[50] Although Plaintiff requests $400.00 per hour, Mr. Agruss's statement makes patently clear that he has never been awarded such a high hourly fee in this

---

[44] 15 U.S.C. § 1692k(a)(3).
[45] Doc. 10.
[46] *Id*.
[47] *Id*.
[48] *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000).
[49] *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).
[50] Doc. 10.

District, or any other District within this Circuit.[51]  In fact, in a similar action last year, the Honorable Susan Paradise Baxter of the Western District of Pennsylvania adopted a Report and Recommendation adjusting Mr. Agruss's proposed hourly rate of $400.00 per hour to $325.00 per hour.[52]  Judge Baxter further adjusted the paralegal rate from $125.00 per hour to $100.00 per hour.[53]  I find that the same figures would more accurately reflect the prevailing market rates for this matter.

### III. CONCLUSION

Default judgment is appropriate in this case, particularly given Defendant's refusal to even enter an appearance in the action.  Plaintiff has sufficiently stated a claim for relief under Count 1 of the complaint, and is entitled to damages from Defendant as follows:

1. $1,000.00 in statutory damages.

2. $511.95 in litigation costs.

3. $3,250.00 in attorney's fees (based on 10 hours of combined work by Michael Siddons and Michael Agruss).

4. $340.00 in paralegal's fees (based on 3.4 hours of work by Jackie Laino).

---

[51] Doc. 10.
[52] *Murphy v. Ability Recover Services, LLC*, 2019 WL 5587026 (W.D. Pa. Oct. 30, 2019).
[53] *Id*.

In sum, Plaintiff is entitled to $5,101.95 from Defendant.

An appropriate Order follows.

                                        BY THE COURT:

                                        *s/ Matthew W. Brann*
                                        Matthew W. Brann
                                        United States District Judge